```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
YUEHUA LI,                                                        :
                                                                  :
                          Petitioner,                             :     26-CV-00989 (JAV)
                                                                  :
          -v-                                                     :     ORDER
                                                                  :
KRISTI NOEM, et al.,                                              :
                                                                  :
                          Respondents.                            :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

      Petitioner filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1 ("Petition" or "Pet."). The Court ordered that Petitioner not be removed from the country nor transferred beyond a facility in this District, the Eastern District of New York, or the District of New Jersey. ECF No. 9 ("Order"). The Court also directed Respondents to file a letter setting forth, in relevant part, whether Petitioner was, as alleged, detained in this District at the time the Petition was filed; if the government's asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Mcdonald v. Francis et al.*, No. 25-CV-09355 (JAV), 2025 WL 3295906 (S.D.N.Y. Nov. 26, 2025); and if this case is materially indistinguishable from *Mcdonald*, whether Respondents would consent to issuance of the writ, subject to preservation of Respondents' arguments for appeal. Order at 2.

      Respondents filed the requested letter yesterday, confirming Petitioner was detained in this District at the time of filing and that the facts and legal issues central to the instant case are not materially distinguishable from *Mcdonald*. ECF No. 12 ("Ltr.") at 1-2. Specifically, Respondents allege that Petitioner, a Chinese citizen, was arrested on February 3, 2026, at the Nassau County Police Department after being charged by police with prostitution, drug

possession, and unauthorized practice of a profession. *Id*. at 2; *Id.*, Exs. 1-2. Respondents report that Petitioner first entered the country without authorization near Hidalgo, Texas on February 16, 2023, at which time she was arrested by DHS and ultimately released on her own recognizance on March 19, 2023, with an order stating that ICE could detain Petitioner if, among other things, she committed any crimes. *Id.*; *Id.*, Ex. 5. She was served with a Notice to Appear ("NTA"), charging her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and placed into removal proceedings. *Id*.; *Id*., Ex. 3. ICE is detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) without a final removal order. *Id.*

The primary legal issue presented here concerns the statutory authority for the petitioner's detention, whether it is 8 U.S.C. § 1226(a), as petitioner argues, or 8 U.S.C. § 1225(b)(2)(A), as ICE argues. *Id.* at 2. For the reasons previously set forth in *Mcdonald*, the Court holds that Section 1225(b)(2)(A) does not govern, and that Respondents violated Petitioner's due process rights in exercising its discretionary authority to detain Petitioner under Section 1226(a).

Respondents argue that remedy in this case should differ from *Mcdonald*, however, given the criminal arrest preceding Petitioner's ICE detention. *Id*.; *Id*., Ex. 6. Namely, Respondents argue that Petitioner should be provided with a bond hearing as opposed to immediately released. *See Jimenez Garcia v. Joyce*, No. 26 Civ. 429 (AS), 2026 WL 251889 (S.D.N.Y. Jan. 30. 2026) (ordering a bond hearing before an immigration judge rather than outright release in similar circumstances). The Court agrees.

Accordingly, Petitioner's petition for writ of habeas corpus is GRANTED IN PART AND DENIED IN PART. The Court finds that Petitioner is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2) but is instead detained pursuant to 8 U.S.C. § 1226(a).  The Court ORDERS Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge **within 14 days from the date of this order** at which the Government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk.  At the bond hearing, the Immigration Judge must also consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

The Clerk of Court is directed to terminate all pending motions, adjourn all conferences, and close the case.

SO ORDERED.

Dated: February 10, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge